# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:19-CR-110-SDJ-KPJ |
| § | |
| WILLIAM SHANE CONNAWAY (2) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant William Shane Connaway's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 5, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defenders Office. The Government was represented by Assistant United States Attorney Jay Combs.

Defendant was sentenced on June 17, 2020, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Pass and Utter Financial Obligations, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Defendant was subsequently sentenced to 30 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, substance abuse testing and treatment, restitution of $500, and a $100 special assessment. On May 25, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On October 8, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 65, Sealed]. The Petition asserts that

Defendant violated two (2) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; and (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 65 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On June 16, 2021, Defendant submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to Abbot Laboratory where it was confirmed. On August 5, 2021, Defendant submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to Abbot Laboratory where it was confirmed. On September 7, 2021, Defendant submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to Abbot Laboratory where it was confirmed. On September 23, 2021, Defendant submitted a urine sample which tested positive for methamphetamine. Defendant admitted to using methamphetamine and signed an admission form stating such; (2) On August 12, 2021, Defendant was enrolled in the U.S. Probation Office's NAPP Random Drug Testing Program. He agreed to check his cell phone daily for text messages that would instruct him on when he needed to submit a drug test. Defendant failed to submit a urine sample as directed on August 26, 2021 as part of this program [Dkt. 65 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegation 2. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 78; 79].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of thirteen (13) months, with a term of supervised release of twenty-three (23) months to follow.

The Court further recommends imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring sources of income; (2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, or Fort Worth, Texas, if appropriate.

**SIGNED this 17th day of November, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE